IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| RENATO TEIXERA | : | NO. 25-295 |

MEMORANDUM

Bartle, J.                                                               November 19, 2025

        Defendant Renato Teixera has been indicted for one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  The court after an evidentiary hearing granted defendant's motion to suppress evidence of a firearm found on his person.  The Government now moves for reconsideration.  The party seeking reconsideration must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion ... ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  <u>Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).  The Government relies only on "the need to correct a clear error of law or fact or to prevent manifest injustice."

        In making its decision, the court necessarily made a number of credibility findings.  Included were several instances where the court found the testimony of the arresting officer not

to be believable.  See United States v. Teixera, No. CR 25-295, 2025 WL 3008819, at *1-2 (E.D. Pa. Oct. 27, 2025).

The Government, in support of its motion for reconsideration, leads off its brief with a highly questionable argument.  It not so subtly urges the court to reconsider its credibility findings as to the police officer because those findings have "potentially serious ramifications well beyond the suppression of evidence in this single case."  Gov't's Mot. for Recons. of Order Granting Mot. to Suppress at 4.  The Government stresses that the court's findings may have "lasting negative consequences" and "unquestionably impact[] the officer's reputation and opportunities for professional advancement."  Id.  It continues that an adverse credibility determination "often precludes the officer from being able to testify in court" with the result of a "lasting stigma."  Id. at 4-5.  In its conclusion, the Government, returning to its earlier theme, characterizes the court's credibility findings as "extremely concerning."  Id. at 20.

Credibility findings, whether made by the court or a jury, are at the heart of the fact-finding process and the rule of law.  These decisions must be made without fear or favor and without concern for the irrelevant negative collateral consequences raised by the Government here.  The court would never instruct a jury to consider such collateral consequences

to a police officer or any witness for that matter in deciding whether that police officer or other witness is to be believed. It would not tell a jury, for example, that a person's job may be adversely affected if he or she is found not to be credible. Nor would it allow the Government to make the argument it makes here. These principles are equally applicable to the court whether or not in connection with a trial or other evidentiary hearing. It must not consider irrelevant collateral effects when deciding whether a witness is telling the truth. In this case and in every case, the court makes its credibility determinations based solely on the testimony and demeanor of the witness and the myriad of other relevant factors customarily taken into account. As pointed out by defense counsel, the testimony of the police officer was tainted with inconsistencies and improbabilities. In critical parts, it did not have the ring of truth. The court does not leave its common sense and experience at the courthouse door. The court adheres to its credibility findings which it did not make lightly and which it made only after considering the totality of the evidence and the arguments of counsel.

   The Government, in the alternative, requests the court to reopen the record to allow the Government to introduce the firearm and to show its size and weight. It concedes that such a request is disfavored. See e.g. United States v. Coward, 296

F.3d 176, 180-83 (3d Cir. 2002).  The Government had two Assistant United States Attorneys at counsel table, who presumably were working together and knew the case.  The Government provides no compelling reason why it failed to present this evidence at the evidentiary hearing.  It simply states it made a deliberate decision that it was sufficient to rely on the police officer's testimony and body camera footage.  The Government made its choice and must live with it, particularly at this late hour after the evidentiary hearing has concluded and the court has handed down its ruling.  The request to reopen the hearing is without merit.

       The Government also reargues the law.  It cites no new cases.  A motion for reconsideration is not designed to provide a party with a second bite at the apple.

       The right of the people to be secure in their persons, houses, papers, and effects as outlined in the Fourth Amendment are not empty words.  The Amendment is designed to limit governmental power.  In this case, the Government had the burden to prove reasonable suspicion by a preponderance of the evidence.  This it failed to do.  There has been no clear error of law or fact and no manifest injustice.  The motion of the Government for reconsideration will be denied.